**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alejandro LLANOS–ORIZABA, a/k/a Manuel Gonzales, Defendant–Appellant.**

No. 02–1244.

United States Court of Appeals, Seventh Circuit.

Submitted July 25, 2002.

Decided July 25, 2002.

Before POSNER, KANNE, and EVANS, Circuit Judges.

### ORDER

In August 2001 deported felon Alejandro Llanos–Orizaba pleaded guilty to being present in the United States without the permission of the Attorney General in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced him to 88

months' imprisonment, three years' supervised release, and a $100 special assessment. Llanos–Orizaba filed a notice of appeal, but his attorney has moved to withdraw, asserting that there are no non-frivolous issues for appeal. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We invited Llanos–Orizaba to respond to counsel's motion, *see* Cir. R. 51(b), but he has not done so. We thus confine our review to the potential issues discussed in counsel's facially adequate brief. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam). Because we conclude that an appeal raising those issues would be frivolous, we grant counsel's motion to withdraw and dismiss the appeal.

Counsel first questions whether Llanos–Orizaba's guilty plea was knowing and voluntary. Counsel concludes that such an argument would be frivolous because the district court complied with Federal Rule of Criminal Procedure 11. But we found two shortcomings in the Rule 11 plea colloquy: the district court did not advise Llanos–Orizaba of his right to trial counsel or inquire whether his willingness to plead guilty resulted from prior discussions with the government. *See* Fed.R.Crim.P. 11(c)(3), (d). An appeal based on those flaws, however, would be frivolous because Llanos–Orizaba has not expressed an interest in withdrawing his guilty plea. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002).

Counsel also considers whether Llanos–Orizaba may challenge his sentence. First, because Llanos–Orizaba raised no objections to the presentence report at sentencing, he waived his right to appeal the determination of his guidelines range. *See United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000) (concluding that defendant waived right to appeal calculation of his criminal history because he failed to object to the presentence report). Next, counsel is correct that Llanos–Orizaba's sentence does not violate *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because *Apprendi* does not require prior aggravated felony convictions to be alleged in the indictment. *See United States v. Martinez–Garcia*, 268 F.3d 460, 463–64 (7th Cir.2001), *cert. denied*, — U.S. ——, 122 S.Ct. 1111, 151 L.Ed.2d 1006 (2002). And, in any event, Llanos–Orizaba's aggravated assault conviction was pled in the indictment. Finally, we agree with counsel that Llanos–Orizaba's deportable alien status was not a proper basis for a downward departure because that status was already taken into account under his crime of conviction. *See United States v. Martinez–Carillo*, 250 F.3d 1101, 1107 (7th Cir.). *cert. denied*, — U.S. ——, 122 S.Ct. 285, 151 L.Ed.2d 210 (2001). Moreover, Llanos–Orizaba never moved at sentencing for a downward departure. *See United States v. Dillard*, 43 F.3d 299, 311 (7th Cir.1994) (concluding that defendant waived argument for a downward departure because he did not raise it before the district court). Thus, an appeal of Llanos–Orizaba's sentence would be frivolous.

Therefore, we GRANT counsel's motion to withdraw and DISMISS the appeal.